**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Arno Lee, deceased, represented by Wanda Lee, wife and Personal Representative,<br><br>    Plaintiff,<br><br>vs.<br><br>State of Arizona, *et al.*,<br><br>    Defendant. | No. CV-10-00066-PHX-GMS<br><br>**ORDER** |

On January 12, 2010, Wanda Lee initiated the instant action pursuant to 42 U.S.C. § 1983 on behalf of the Estate of her deceased husband, Richard Arno Lee. (Dkt. # 1.) After Defendants Brian Mackiewicz, Sheriff Joseph Arpaio, and Maricopa County (collectively "Defendants") moved to dismiss the Estate's claims (Dkt. ## 13, 15), the Estate filed an Amended Complaint as a matter of course (Dkt. # 18). Defendants then renewed their Motion to Dismiss, arguing, among other things, that Ms. Lee lacks standing to pursue these claims because she has not been appointed as the Estate's personal representative. (*See* Dkt. # 25.) As set forth below, the Court orders Ms. Lee to provide documentation showing that she has the authority to represent the Estate in this matter.

## DISCUSSION

Ms. Lee has not adequately demonstrated that she has standing to bring claims on behalf of the Estate. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) (observing that standing challenges should be resolved prior to reaching the merits of a case).

1 It appears that Ms. Lee lacks standing because she is pursuing a survival action under 42 U.S.C. § 1983, but has not been named as a personal representative of her husband's estate.

**I.  The Estate's Claims are Survival Actions**.

Under § 1983, a claim that accrues before an individual's death is only cognizable if state law would allow the claim to go forward as a survival action. *Tatum v. City & County of S.F.*, 441 F.3d 1090, 1093 n. 2 (9th Cir. 2006). Under Arizona law, a survival action is a personal injury action that survives to permit a decedent's estate to recover damages that would have been personally awarded to the decedent had he survived. *See* Ariz. Rev. Stat. § 14-3110. A wrongful death action, on the other hand, is an independent claim for damages personally suffered by a decedent's heirs as a result of the decedent's death.[1] *See id.* at § 12-612. As the Arizona Court of Appeals has explained,

> A wrongful death action is an original and distinct claim for damages sustained by the statutory beneficiaries and is not derivative of or a continuation of a claim existing in the decedent. A survival statute, on the other hand, does not create a new claim but merely prevents abatement of the injured person's claim and provides for its enforcement by his personal representative . . . .
>
> [A] claim under the survival statute and a claim under the wrongful death statute are separate and distinct notwithstanding they originate from the same wrongful act. The former permits recovery for the wrong to the injured person and is confined to his personal loss while the latter is for the wrong to the beneficiaries, confined to their loss because of the death. The latter begins where the former ends . . . .

*Gartin v. St. Joseph's Hosp. & Med. Ctr.*, 156 Ariz. 32, 35, 749 P.2d 943, 944 (Ct. App. 1998); *see also Miles v. Melrose*, 882 F.2d 976, 895 (5th Cir. 1989) (explaining the difference between a survival action and an action for wrongful death).

All of the Estate's federal claims are survival actions. The Amended Complaint raises five claims under § 1983: (1) Mr. Lee was subjected to cruel and unusual punishment under the Eighth Amendment when Defendants interrogated and incarcerated him without

---

[1]This distinction is important because while a surviving spouse may bring a wrongful death claim, a personal representative is required to bring a survival claim under Arizona law. *Compare* Ariz. Rev. Stat. § 12-612 *with* § 14-3110.

1  providing him necessary medical treatment (Count One); (2) Defendants violated Mr. Lee's
2  Fifth Amendment protections against self incrimination when they interrogated him without
3  reading his Miranda rights (Counts Two and Eight); (3) Defendants' failure to provide
4  necessary medication during Mr. Lee's custody and interrogation violated right to life and
5  liberty under the his Fourteenth Amendment's due process clause (Count Three); (4) Mr.
6  Lee was denied his confrontation rights in violation of the Sixth Amendment when he was
7  precluded from cross-examining a witness that testified against him (Count Seven); and (5)
8  Defendants deprived Mr. Lee of his due process rights when they allowed witnesses to testify
9  against him in a hearing but did not afford Mr. Lee the same right (Count Nine).[2] (Dkt. # 18
10 at 19–26.) A review of the Amended Complaint provides that each of these claims is asserted
11 on behalf of Mr. Lee for harm that he allegedly suffered while he was alive. None of the
12 claims are asserted for the harm or damages allegedly suffered by Mr. Lee's heirs. *See*
13 *Gartin*, 156 Ariz. at 35, 749 P.2d at 944. In addition, it appears that all of the alleged
14 misconduct giving rise to these claims occurred approximately one year prior to Mr. Lee's
15 death. Claims that accrue prior to the decedent's death are generally treated as survival
16 actions. *See Tatum*, 441 F.3d at 1093 n. 2.

## II. Ms. Lee Does Not Have Standing to Pursue Survival Claims Under § 1983.

Under 42 U.S.C. § 1983, "the survivors of an individual" may assert constitutional claims "on that individual's behalf if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir.1998) (citing 42 U.S.C. § 1988)); *Tatum*, 441 F.3d at 1093 n. 2 (noting that a § 1983 claim that accrues "before the decedent's death" does not abate if "state law authorizes a survival action"). The plaintiff, however, "bears the burden of demonstrating that a particular state's law authorizes a survival action" and showing that he or she "meets that state's requirements for bringing a survival action." *Moreland*, 159 F.3d 365, 369 (9th Cir. 1998).

Under Arizona's survival statute, familial ties, without more, are insufficient to confer

---

[2]Counts Four, Five, and Six are alleged pursuant to Arizona law. (*See* Dkt. # 18.)

- 3 -

standing to act on behalf of a decedent's estate. *See* Ariz. Rev. Stat. § 14-3110. This Section further provides that a "cause of action . . . shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person." In *Lacer v. Navajo County*, the Arizona Court of Appeals interpreted this provision to mean that "only the personal representative" has standing "to bring" a survival action. 141 Ariz. 396, 404, 687 P.2d 404, 412 (Ct. App. 1983). Arizona Revised Statute § 14-3104 further provides that "to acquire the powers and undertake the duties and liabilities of a personal representative of a decedent, a person shall be appointed by order of the court or statement of the registrar[.]"

In this case, there is nothing indicating that the Estate's claims are prohibited by Arizona's survival statute. Yet, while these causes of action may not be prohibited under Arizona's survival statute, it appears that Ms. Lee has not met her burden of showing that she "meets [Arizona's] requirements for bringing" these claims. *See Moreland*, 159 F.3d at 369. Ms. Lee alleges in her Amended Complaint that she is the personal representative of her husband's estate. Defendants, however, bring forth evidence that Ms. Lee has not been properly appointed pursuant to § 14-3104. *See In re Matter of Richard Arno Lee*, No. 09-PB-070022 ( Sup. Ct. May 5, 2009). According to the docket in Mr. Lee's probate case, of which the Court takes notice, it appears that no personal representative has been appointed to represent the Estate. (*See id.*) Ms. Lee does not dispute this; instead she argues that she has standing because she is Mr. Lee's surviving spouse. Under Arizona law, however, this is not sufficient to bring a survival claim; a personal representative must be appointed. Ariz. Rev. Stat. § 14-3104.

Nevertheless, because it not entirely clear from the record that Ms. Lee is without authority to represent her husband's estate, the Court will afford Ms. Lee thirty days to file documentation evincing that she has been appointed as the Estate's personal representative. If Ms. Lee does not provide the necessary evidence in this time frame, the Estate's federal claims will be dismissed, which will also result in dismissal of the any remaining state-law claims. *See Les Shockley Racing Inc. v. Nat'l Hot Rod Ass'n*, 844 F.2d 504, 509 (9th Cir.

1989) (holding that when federal court "dismisses [federal claims] leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice").

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss the Estate's Original Compliant (Dkt. ## 13, 15) are **DENIED** as moot in light of the Amended Complaint. The Court will **STAY** its ruling on Defendants' remaining Motion to Dismiss (Dkt. # 25) to afford Ms. Lee the opportunity to demonstrate that she is the personal representative of her husband's Estate.

**IT IS FURTHER ORDERED** that Ms. Lee shall provide documentary evidence establishing that she has been appointed as the personal representative of the Estate of Richard Arno Lee.

**IT IS FURTHER ORDERED** that Ms. Lee is to file a **MEMORANDUM** with the relevant evidence on or before **June 12, 2010**. Failure to comply will result in dismissal of this action.

DATED this 12th day of May, 2010.

G. Murray Snow
United States District Judge