**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rev. Richard Arno Lee, deceased, represented by his wife, and Personal Representative, Wanda Lee,<br><br>       Plaintiff,<br><br>vs.<br><br>The State of Arizona; Maricopa County, Arizona a body politic; Joseph M. Arpaio, Sheriff of Maricopa County in his individual and official capacities, ; unnamed MCSO Jail Deputies (Does 1 through 10); unnamed Victim's Advocates (Does 11 through 15); and MCSO Detective Brian Mackiewicz, #1227, in his individual capacity,<br><br>       Defendants. | No. CV10-00066-PHX-GMS<br><br>**ORDER** |

Pending before the Court is: 1) Plaintiff's FRCP 12(f) Motion to Strike Plaintiff's Notice of Removal of Maricopa Superior Court Proceeding CV-2009-015023, (Doc. 55); 2) Plaintiff's Motion to Amend the Amended Complaint for Damages (Doc. 18) by Joining a Defendant Party Pursuant to F.R.C.P. Rule 19(a)(1)(A), (Doc 56); and 3) Application for Substitution of Counsel for Defendant (with client consent), (Doc. 57).

**Plaintiff's Motion to Strike (Doc. 55).**

Plaintiff previously filed an identical motion on June 6, 2010 (Doc. 35). Although that Motion also styled itself as a "Motion to Strike Plaintiff's Notice of Removal of Maricopa

Superior Court Proceeding CV-2009-015023," the Court noted that "[b]ecause the motion does not identify with sufficient specificity what document and/or paper the Plaintiff wishes the Court to strike, the motion will be denied." (Doc 50).

Without providing any additional explanation, Plaintiff merely refiles her motion. To be more clear concerning the reason for denial, the docket suggests that neither the Plaintiff nor any of the Defendants ever filed a Notice of Removal of Maricopa Superior Court Proceeding CV-2009-015023. Nor was the present proceeding removed from Maricopa County Superior Court. Nor does Plaintiff explain what Maricopa Superior Court Proceeding CV-2009-015023 is, or why Plaintiff thinks she filed a notice of removal or now desires to strike it, and/or what authority this Court would have to do so. The Court declines to act until it receives this information. The Court thus denies Plaintiff's Motion again.

**Plaintiff's Motion to Amend the Amended Complaint (Doc. 56).**

Plaintiff desires to Amend her complaint apparently to add Maricopa County Correctional Health Services (MCHS) as a party defendant. Maricopa County is already a party to this lawsuit. Maricopa County avows under oath, that MCHS is merely the name of the County entity responsible for providing such services, and is a non-jural entity. Thus, the amendment would be futile and the Motion to Amend is denied. In her reply, Ms. Lee requests that if the motion to amend is denied that the Court accept the additional factual pleadings as amendments to her complaint. This request, too, is denied as it violates the provisions of the local rules of civil procedure. If Ms. Lee desires to seek to amend her complaint to add these additional factual allegations, she will need to comply with the provisions of the local rules. In this particular case LRCiv. 15.1 requires that:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits.
>
> If a motion or stipulation for leave to amend is granted, the party whose pleading was remanded must file and serve the amended

pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise.

LRCiv. 15.1.  The Motion to Amend the Amended Complaint is thus denied.

**Application for Substitution (Doc. 57).**

Sherle R. Flaggman is substituted as counsel of record for Defendants Maricopa County Board of Supervisors and Detective Mackiewicz only in place of Maria R. Brandon and Klaus Peter Muthig of the Maricopa County Special Litigation Services.

**IT IS HEREBY ORDERED:**

1. Denying Plaintiff's Motion to Strike (Doc. 55).

2. Denying Plaintiff's Motion to Amend the Amended Complaint (Doc. 56).

3. Granting the Application for Substitution of Counsel for Defendant (with client consent) (Doc 57).

DATED this 12th day of November, 2010.

_____
G. Murray Snow
United States District Judge